IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ms. Sonya Williams, | ) | |
| | ) | Case No.: 1:25-cv-15258 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Hon District Judge:_________________ |
| v. | ) | |
| | ) | |
| | ) | Hon. Mag. Judge:___________________ |
| Dolton Library | ) | |
| Katrina Hankins, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants | ) | |
| | ) | |

**COMPLAINT**

Now comes Plaintiff, Ms. Sonya Williams, by and through her attorney, John W. Heiderscheidt, complaining of Defendants, the Dolton Library and Katrina Hankins, and in support of the Complaint states as follows:

Introduction

1. This is a civil action against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured to her by the Constitution and laws of the United States. In sum, Defendants have engaged in a years' long intimidation campaign using violence, harassment, threats, and abuse of Ms. Williams in the hopes of obstructing Plaintiff from advocating for diversity in hiring at the Dolton Library, because of Plaintiff's misperceived connection to disgraced former Dolton Mayor Tiffany Henyard. This intimidation campaign began in late 2023 and has persisted and continues to persist to this day, causing

Plaintiff loss of income, emotional distress, pain, suffering, and additional damages. Plaintiff demands a jury trial in this matter.

## Jurisdiction

2. The Court has jurisdiction to hear this action based on 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction for state claims as provided under U.S.C. § 1367 (a).

## Parties to the Action

3. Ms. Sonya Williams is a duly elected member of the Dolton Library Board of Trustees;
4. The Dolton Library is a public Library in Dolton, IL;
5. Ms. Katrina Hankins is an employee of the Dolton Library and a resident of Cook County, IL, on information and belief.

## Background Facts

6. On December 17, 2023, Sonya Williams (hereinafter "Trustee Williams") attended a Christmas Party hosted by the Dolton Library that was open to community members, staff members, personnel, and all Dolton Library officials.
7. Ms. Katrina Hankins, an employee of Dolton, attended this Christmas Party (hereinafter "Hankins").
8. At the Christmas Party, Hankins physically attacked Trustee Williams, causing intense physical injuries that caused pain and suffering, emotional distress, lost wages and economic opportunity,
9. Hankins attacked Trustee Williams because Hankins wrongly perceived Williams to be part of then-Mayor Tiffany Henyard's political entourage.

10. Hankins also begrudged Trustee Williams for campaigning and advocating for a more racially diverse library staff, that better reflected the racial demographics of the entire community – a policy that Hankins perceived to jeopardize her employment with Dolton Library.

11. At the time of the Christmas party, the scandals around then-Mayor Henyard started to become public, including knowledge of substantial village credit card spending, including nearly $779,000 in 2023 for items like Amazon, Walmart, and high-end travel, with funds allegedly used for personal luxuries.

12. Rather than firing Hankins or seeing to it that she was prosecuted, the Dolton Library has since *promoted* Hankins, leaving Trustee Williams feeling unsafe to advocate for her campaign priorities, like hiring more racially diverse staff within the Dolton Library.

13. Rather than preserve and store video footage of the incident, the Dolton Library knowingly disposed of video evidence containing footage of the attack.

14. The Dolton Library subsequently sent Trustee Williams a letter ordering her to stay away from the Library, even though she is an elected Trustee of the Dolton Library and in the middle of an elected term and engaged in no wrong-doing on December 17, 2023.

15. Between December 17, 2023, and continuing through December 16, 2025, Hankins, *with Dolton Library's full knowledge and continued approval*, has continued waging an intimidation campaign against Trustee Williams, all aimed at chilling Trustee William's speech rights under the 1st Amendment, including but not limited to:

    a. Further physical attacks on Trustee Williams while on Library grounds;

    b. Verbal abuse and hostility directed towards Trustee Williams;

c. Exclusion from access or use of the Library facility during Hankins' hours of employment;

d. Freezing Williams out from Trustee business.

16. The result of this physical and mental intimidation campaign has been to chill and silence Trustee Williams' 1st Amendment rights under color of law to advocate more diversity in hiring at the Dolton Library in addition to causing her physical injuries, emotional distress, lost wages and lost economic opportunity, among other things.

17. Through its conduct, the Dolton Library has made it a formal policy to batter, obstruct, harass and intimidate Ms. Williams from engaging in her constitutionally protected 1st Amendment rights to advocate for policies important to her as a Trustee of the Dolton Library, including achieving diversity in staff hiring.

18. This policy arises from Dolton Library's years' long refusal to train or supervise or discipline Hankins, leaving Hankins feeling emboldened and empowered to escalate and continue attacks on Trustee Williams.

19. Trustee Williams has demanded that the Dolton Library take corrective steps with Hankins, but the Dolton Library has chosen to support Hankins and even promote Hankins despite a documented multi-year campaign of physical and verbal abuse towards Trustee Williams.

20. Dolton Library's failure to intervene to protect Williams, and subsequent promotion of Hankins, demonstrates wanton, willful, reckless, and unconscionable indifference towards Trustee Williams' physical safety and 1st Amendment rights, as well as the safety of the community at large.

21. On January 16, 2024, Hankins berated Trustee Williams in front of her granddaughter at the Dolton Library, making Trustee Williams feel so unsafe police had to be called to the premises.

22. On February 24, 2024, Hankins again physically attacked Trustee Williams on the Dolton Library premises, injuring Trustee Williams' shoulder.

23. Trustee Williams feels overwhelmed and intimidated by the constant barrage of harassment and attacks from Hankins, especially since the Dolton Library has had full knowledge of this abuse and allowed it to continue on for years without intervention, training, supervising, or disciplining Hankins.

24. This animus has spilled in to the Calumet City library, where Trustee Williams has experienced similar acts of hostility in the same timeframe.

<u>Count I – 42 U.S.C. § 1983 - 1st Amendment</u>

25. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

26. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another of [their] federal constitutional rights is liable to the injured party.

27. The First Amendment to the U.S. Constitution enforceable pursuant to 42 US.C. § 1983, provides Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

28. The framers designed the Free Speech Clause of the First Amendment to protect the freedom to think as you will and to speak as you think, and its protections plainly extend

to elected officials advocating within the scope of their office for lawful policy prerogatives like diversity in hiring.

29. Hankins, through her direct conduct, and Dolton Library, through their support of Hankins' intimidation campaign against Trustee Williams, have impermissibly chilled Trustee Williams' First Amendment right to advocate for diversity in hiring at the Library under color of law, causing Plaintiff damages.

30. Trustee Williams has been specifically singled out because of her advocacy for diversity in hiring, and because of Hankins and others' misperceived connection between Trustee Williams and then-Mayor Henyard.

31. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

Count II – Intentional Infliction of Emotional Distress

32. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

33. Hankins' direct actions, and the Dolton Library's support and encouragement of them, continue to be extreme and outrageous.

34. Hankins and Dolton Library have both acted in reckless disregard of the probability that their conduct would cause Trustee Williams severe emotional distress.

35. This conduct has been undertaken and continues with malice, willfulness, and reckless indifference to Trustee Williams' rights.

36. These actions did directly and proximately cause Trustee Williams extensive emotional distress.

37. Wherefore, Plaintiff requests judgment be entered in her favor, awarding damages, including actual, compensatory and punitive, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

<u>Count III – State Law Claim - Assault</u>

38. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

39. On December 17, 2023, Hankins created an apprehension in Trustee Williams of immediate physical harm by means of various overt behaviors intended to cause fear or harmful touching of Trustee Williams.

40. As a result of this conduct Plaintiff sustained emotional injuries and physical injuries.

41. Wherefore, Plaintiff requests judgment against Hankins for actual and compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

<u>Count IV – State Law Claim - Battery</u>

42. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

43. On December 17, 2023, Hankins intentionally, without authorization, harmfully and physically touched Trustee Williams.

44. As a result of this conduct Plaintiff sustained emotional injuries and physical injuries.

45. Wherefore, Plaintiff requests judgment against Hankins for actual and compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

<u>Count V – State Law Claim - Assault</u>

46. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

47. On or about January 16, 2024, Hankins created an apprehension in Trustee Williams of immediate physical harm by means of various overt behaviors including screaming and using "cuss" words intended to cause fear or harmful touching of Trustee Williams and her granddaughter on premises at the Dolton Library.

48. As a result of this conduct Plaintiff sustained emotional injuries and physical injuries.

49. Wherefore, Plaintiff requests judgment against Hankins for actual and compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

<u>Count VI – State Law Claim - Assault</u>

50. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

51. On or about February 24, 2024, Hankins created an apprehension in Trustee Williams of immediate physical harm by means of various overt behaviors including screaming and using "cuss" words intended to cause fear or harmful touching of Trustee Williams.

52. As a result of this conduct Plaintiff sustained emotional injuries and physical injuries.

53. Wherefore, Plaintiff requests judgment against Hankins for actual and compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

<u>Count VII – State Law Claim - Battery</u>

54. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

55. On February 24, 2024, Hankins intentionally, without authorization, harmfully and physically touched Trustee Williams.

56. As a result of this conduct Plaintiff sustained emotional injuries and physical injuries.

57. Wherefore, Plaintiff requests judgment against Hankins for actual and compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

<u>Count VIII – State Law Claim – Respondeat Superior</u>

58. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

59. While committing the intentional torts listed in Counts III, IV, V, VI, and VII Hankins was at all relevant times acting within the scope of her employment for Dolton Library.

60. In Illinois, public entities must pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

61. As a proximate cause of Hankins' actions on December 17, 2023 and February 24, 2024, which occurred within the scope of her employment activities for Dolton Library, Trustee Williams suffered emotional and physical injuries.

62. As a proximate cause of Hankins' actions on January 16, 2024, which occurred within the scope of her employment activities for Dolton Library, Trustee Williams suffered emotional injuries.

63. Wherefore, Plaintiff requests judgment against Dolton Library substantial compensatory damages, as well as punitive, in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs in addition to whatever equitable relief this Court find just.

Count IX – *Monell* Claim

64. Plaintiff realleges and reincorporates all previous paragraphs as though fully alleged herein.

65. After December 17, 2023, it became the *de facto* policy of Dolton Library to allow Hankins to batter, assault, obstruct, harass and intimidate Trustee Williams to punish her for her perceived affiliation with ex-Mayor Henyard and to chill and silence her from exercising her First Amendment rights to advocate for more diversity among Library staff.

66. Dolton Library's failure to intervene, train, supervise or terminate Hankins contributed to this *de facto* policy.

67. The aforementioned policy has been maintained with deliberate indifference by the Dolton Library, encouraging Hankins to commit the aforementioned acts against Trustee Williams, therefore acting as the direct and proximate cause of the complained of Constitutional and other legal violations and Trustee Williams' injuries.

68. That indifference led to a second physical attack by Hankins on Trustee Williams on January 16, 2024 and February 24, 2024.

69. Wherefore Trustee Williams requests judgment be entered against Dolton Library and Trustee Williams be awarded compensatory damages, reasonable attorney's fees, costs, expenses, and any other relief that this Honorable Court finds equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: 12/16/2025

Respectfully submitted,

/s/ John W. Heiderscheidt

John W. Heiderscheidt, Esq.
Attorney for Petitioner
6219 N. Milwaukee Ave.
Chicago, IL, 60646

312-331-0087
info@subscriptionlawyer.com

## CERTIFICATE OF SERVICE

I, John W. Heiderscheidt, a licensed attorney, states that on December 16, 2025, a copy of Plaintiff's Complaint was caused to be delivered by 1st Class USPS Registered Mail at the following addresses:

Dolton Library
c/o Legal Department
14037 Lincoln Avenue
Dolton, IL 60419

Ms. Katrina Hankins
46 166th Place
Calumet City, IL, 60409

Dated: 12/16/2025

Respectfully submitted,

/s/ John W. Heiderscheidt

John W. Heiderscheidt, Esq.
Attorney for Petitioner
6219 N. Milwaukee Ave.
Chicago, IL, 60646
312-331-0087
info@subscriptionlawyer.com