IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ms. Sonya Williams,<br><br>Plaintiff,<br><br>v.<br><br>Dolton Library<br>Katrina Hankins,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:_1:25-cv-15258<br><br>Hon District Judge: Ellis<br><br>Hon. Mag. Judge: McShain<br><br>**JURY DEMANDED** |

MOTION TO DISQUALIFY COUNSEL FOR DOLTON AND HANKINS BASED ON A CONCURRENT CONFLICT OF INTEREST

NOW COMES PLAINTIFF, by and through undersigned counsel, respectfully requesting that counsel for each defendant be disqualified for laboring under a concurrent conflict of interest. In support of the motion Plaintiff states as follows:

1. On February 12, 2026, then-counsel for Defendant Dolton Library informed undersigned counsel that Defendant Dolton Library was using an insurance policy to pay legal fees for both Defendant Dolton Library and Defendant Katrina Hankins. See, Exhibit A, attached, electronic correspondence from then-counsel Haley Loufek.
2. On information and belief, counsel for both defendants are receiving proceeds of the same insurance policy for legal fees, creating a concurrent conflict of interest. Id.
3. A lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's

responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. Il P. R. Cond 1.7 (a)(2).

4. Both counsels' responsibilities to their clients conflict concurrently with their obligations to the insurance provider paying their respective legal fees.

5. In an effort to determine whether such a conflict exists definitively, undersigned counsel requested information from each defendant's counsel concerning the insurance policy that may be used to satisfy any future judgment in this case. All counsel for defendants have declined to respond to undersigned counsel's request.

6. The trial judge has discretion to disqualify counsel where it avoids a serious risk of conflict. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). See, Saechao v. Eplett, 991 F.3d 789, 792 (7th Cir. 2021), relying on Wheat v. United States, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988).

7. Both defendants' defenses and prospects of successfully defending against this case are squarely and diametrically opposed to one another.

8. Yet if each defendant's counsel has obligations to the same insurer paying each defendant's legal fees, a serious conflict exists.

9. In Illinois an insurer is obligated to defend an action against an insured where the complaint contains allegations that bring the claim actually or potentially within the policy. Konami (America), Inc. v. Hartford Insurance Co. of Illinois, 326 Ill. App. 3d 874, 878, 761 N.E.2d 1277, 260 Ill. Dec. 721 (2002).

10. An exception to this general rule regarding the duty to defend exists where there is a conflict of interest between an insurer and the insured. Instead of participating in the defense itself, the insurer must decline to defend and pay the costs of independent counsel

for the insured. Illinois Masonic Medical Center v. Turegum Insurance Co., 168 Ill. App. 3d 158, 163, 522 N.E.2d 611, 118 Ill. Dec. 941 (1988).

11. The test of whether a conflict exists is if, in comparing the allegations of the complaint to the terms of the policy, the insurer's interests would be furthered by providing a less than vigorous defense to the allegations. See, Williams v. American Country Insurance Co., 359 Ill. App. 3d 128, 137-38, 833 N.E.2d 971, 979 (1st Dist. 2005)

12. Defendant Hankins was likely coaxed to accept service in this matter on the promise that the Library's counsel would defend her against Plaintiff's claim, when Hankins interest may ave been better served by continuing to dodge service or consult with an attorney who was not conflicted at the onset of the litigation.

13. At any point in the litigation, the Library's interests and Hankins can and almost certainly will further diverge in to a futile battle of finger-pointing and blame surrounding the batteries and intimidation campaign fueled by Dolton and Hankins.

14. A conflict of interest exists if the interests of the insurer would be furthered by providing a less than vigorous defense to the allegations against the insured. See, Mobil Oil Corp. v. Maryland Casualty Co., 288 Ill. App. 3d 743, 756, 681 N.E.2d 552, 561 (1st Dist. 1997).

15. Trustee Williams will not be bullied, intimidated, harassed, or the victim of violence by Library personnel simply because she has advocated for hiring policies that are not popular within the Library's current personnel roster, nor will she stay silent in the face of an obvious conflict of interest that impairs the functioning of a Federal Circuit Court.

WHEREFORE, Plaintiff Williams respectfully requests this Honorable Court disqualify counsel for both defendants because they are each laboring under a concurrent conflict that likely has already irreparably prejudiced one Defendant and should not be allowed to continue.

Plaintiff, like the Court, has an interest in seeing that due process be observed in the prosecution of her claim. Trustee Williams also requests attorney's fees in the amount of $3,975.00 for the need to bring this motion, where the insurer had an affirmative duty to disclose this kind of conflict rather than attempt to conceal it. Finally Trustee Williams requests that each Defendant's motion to dismiss be stricken from the docket, and the defendants be directed to find new counsel by a date certain to be set by this Court, or risk default.

Dated: 07/22/2026

Respectfully submitted,

/s/ John W. Heiderscheidt

John W. Heiderscheidt, Esq.
Attorney for Petitioner
6219 N. Milwaukee Ave.
Chicago, IL, 60646
312-331-0087
info@subscriptionlawyer.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ms. Sonya Williams, | ) | |
| | ) | Case No.:_1:25-cv-15258 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Hon District Judge: Ellis |
| v. | ) | |
| | ) | |
| | ) | Hon. Mag. Judge: McShain |
| Dolton Library | ) | |
| Katrina Hankins, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, John W. Heiderscheidt, a licensed attorney, state that on July 22, 2026, a copy of Defendant's Motion to Disqualify was caused to be delivered to all attorneys of record via the CM/ECF e-filing system and that all parties of record have opted in to use CM/ECF.

Dated: 07/22/2026

Respectfully submitted,

/s/ John W. Heiderscheidt

John W. Heiderscheidt, Esq.
Attorney for Petitioner
6219 N. Milwaukee Ave.
Chicago, IL, 60646
312-331-0087
info@subscriptionlawyer.com